William H. Marshall, Appellant, v. William H. Marshall, Jr., et al., Appellees.

## Gen. No. 18,034.

VERDICTS—*when not disturbed as against the evidence.*    A verdict will not be set aside on review as against the evidence where not clearly and manifestly against its weight.

Appeal from the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909.    Affirmed.    Opinion filed December 13, 1911.

OSCAR E. LEINEN, for appellant.

KRUSE & PEDEN and ROY C. MERRICK, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellant, the father, against his sons, the appellees, to recover $2,381.77. To the declaration, consisting of the common counts, appellees pleaded, (1) the general issue; (2) the five year Statute of Limitations; (3) payment; and (4) set-off of $1,176.04. A trial in the Municipal Court without a jury resulted in a finding and judgment against appellees for $300, and appellant, being aggrieved by the alleged inadequacy of the finding and judgment, prosecutes this appeal.

Prior to 1898, there was a mortgage on appellant's house and lot. Appellant then borrowed $2,000 thereon for five years, wherewith he paid off the prior encumbrance, together with certain special assessments amounting to about $400, and the balance, something over $1,100, he loaned in installments during 1899 and 1900 to appellees and another son, James, who were engaged in the express business. Upon the maturity of the encumbrance of $2,000 in 1903, appellees paid $100 thereon, and appellant negotiated another loan of $1,900, secured by mortgage on the same premises, wherewith the prior encumbrance was liquidated and discharged. During the year 1905 appellant loaned to appellees $300. In 1908, appellant sold the premises and paid off the encumbrance of $1,900, or conveyed the same subject to the said encumbrance, and also paid the last interest coupon amounting to $58.75, and the taxes for 1908, amounting to $121.02. The claim of appellant against appellees, aside from the $300 loaned in 1905, is predicated upon an alleged promise by the latter in 1903, in consideration of the loans theretofore made to them by appellant, to pay the prin-

cipal of the $1,900 encumbrance, together with the interest thereon, and the taxes on the premises.

The set-off filed by appellees embraces items of expenditures by them for repairs and improvements on appellant's property, for money loaned appellant, for four and one-half years' interest on the $1,900 encumbrance and for water taxes.

The trial court found that the claim of appellant based upon the alleged promise of appellees to pay the principal of the $1,900 encumbrance, together with the interest thereon and the taxes on the premises, was not established by the evidence; that while the several items embraced in appellees' claim of set-off were in fact expended and paid by them, such expenditures and payments were made voluntarily while appellees were residing with appellant as members of his family, and appellees were not entitled to recover the same; that appellant was entitled to recover the $300, loaned to appellees in 1905.   No propositions of law were submitted to the court to be held as the law of the case, and no question is raised as to the admission or exclusion of any evidence.   The sole question presented for our consideration upon this appeal, is whether the finding is supported by the evidence.

The evidence bearing upon the controverted questions of fact is sharply conflicting, and considered in its entirety, as it appears in the record, would sustain a finding for either party.   The evidence, as it appears in the record, makes the case typical of the class, wherein the finding of the trial judge, considering the superior opportunities afforded him to weigh the evidence, because of his having seen the witnesses and heard them testify, should prevail.

We cannot say the findings are contrary to the manifest weight of the evidence, and the judgment will be affirmed.

*Judgment affirmed.*